E. GRADY JOLLY, Circuit Judge,
specially concurring:
I concur in Judge Prado’s thorough and comprehensive writing and write separately only to synthesize the legal standard that we now adopt:
A bankruptcy court’s analysis of attorney fee awards ordinarily should begin and end by applying the statutory language in 11 U.S.C. § 330. This analysis usually can be reduced as follows: (1) a court is permitted, but not required, to award fees under § 330 for services that could reasonably be expected to provide an identifiable, material benefit to the estate at the time those services were performed (or contributed to the administration of the estate); and (2) courts may consider all other relevant equitable factors, as stated in § 330(a)(3), including as one of those factors, when appropriate, whether a professional service contributes to a successful outcome.
Our opinion today does not require a bankruptcy court to award fees for any service that can be characterized as reasonable as of the time it was performed, as the bankruptcy courts remain restricted by the terms of § 330, which require com-pensable services to be both “actual” and “necessary.” 11 U.S.C. § 330(a)(1)(A). Thus, a bankruptcy court evaluating the prospective reasonableness of an attorney’s litigation strategy should consider-whether the services were targeted to obtain an identifiable, material benefit. An identifiable benefit distinguishes an actual benefit from a speculative one, and a material benefit distinguishes a necessary benefit from an-irrelevant one.
Because I read Judge Prado’s writing to endorse these views, I ana pleased to concur in his fine opinion,